IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al.<br><br>                            Plaintiffs,<br><br>v.<br><br>MAARV WATERPROOFING, INC.,<br><br>                            Defendant. | CASE NUMBER: 1:07CV00501<br><br>JUDGE: Richard J. Leon<br><br><u>JURY TRIAL DEMANDED</u> |

**ANSWER OF DEFENDANT TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Maarv Waterproofing, Inc., by and through its attorneys, responds to the allegations of Plaintiffs' First Amended Complaint as follows:

**<u>JURISDICTION</u>**

1. Admitted only that this action has been brought by the IPF, the IMI, and the BAC. The remaining allegations set forth in paragraph 1 constitute legal conclusions to which no response is required.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 2 that the IPF and IMI are administered in the District of Columbia. The remaining allegations set forth in paragraph 2 constitute legal conclusions to which no response is required.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 3 that BAC maintains its principle office in the District of Columbia. The remaining allegation set forth in paragraph 3 constitutes legal conclusions to which no response is required.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 and therefore denies these allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies these allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 and therefore denies these allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 and therefore denies these allegations.

8. Admitted.

9. Denied.

## VIOLATION CHARGED

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied. By way of further answer, it is denied that Defendant owes Plaintiffs any delinquent contributions.

16. Denied.

17. Denied.

18. Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the damages requested by Plaintiffs are not recoverable as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitations and/or repose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrines of laches, waiver, estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any agreements with the Plaintiffs were procured by fraud by Plaintiffs including but not limited to fraud in the execution.

### EIGHTH AFFIRMATIVE DEFENSE

The agreements Plaintiffs claim Defendant executed are *void ab initio*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to show that Defendant executed the agreement attached as Exhibit A to the First Amended Complaint as the "Signature Page" upon which they rely only makes reference to an undefined "bargaining agreement."

### TENTH AFFIRMATIVE DEFENSE

The "Signature Page" attached to Exhibit A to the First Amended Complaint is too vague to constitute a labor agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to show that Defendant executed the agreement attached as Exhibit B to the First Amended Complaint as the signature page upon which they rely is not the signature page that is part of the agreement attached as Exhibit B and references a document different from that provided as Exhibit B.

### TWELFTH AFFIRMATIVE DEFENSE

The contributions to trust funds that Plaintiffs seek are illegal.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

Respectfully submitted,

ARCHER & GREINER
One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
Attorneys for Defendant

BY:   /s/Alexander Nemiroff
        ALEXANDER NEMIROFF
        Bar No. 454408
        PETER L. FRATTARELLI
        DOUGLAS DIAZ
        Admitted *pro hac vice*

5

6

## CERTIFICATE OF SERVICE

I, Alexander Nemiroff, hereby certify that on this 25th day of October 2007, I caused the foregoing Answer of Defendant to Plaintiffs' First Amended Complaint to be electronically filed with the Court and, therefore, the aforementioned document is available for viewing and downloading from the Electronic Case Filing System.

/s/ Alexander Nemiroff
ALEXANDER NEMIROFF

2926417v1