# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al. | |
| Plaintiffs, | CASE NUMBER: 1:07CV00501 |
| v. | JUDGE: Richard J. Leon |
| MAARV WATERPROOFING, INC., | |
| Defendant. | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

Defendant Maarv Waterproofing, Inc. ("Defendant") hereby moves pursuant to Rule 14(a) of the Federal Rules of Civil Procedure for leave to file a third party complaint against Local Union Nos. 4, 5, and 2 of the International Union of Bricklayers and Allied Craftworkers, and the Administrative District Council of New Jersey. In support thereof, Defendant relies on the accompany brief.

Respectfully submitted,

ARCHER & GREINER

BY:  __/s/ Alexander Nemiroff__
ALEXANDER NEMIROFF
Bar No. 454408
PETER L. FRATTARELLI
DOUGLAS DIAZ
Admitted *pro hac vice*
One Centennial Square
Haddonfield, New Jersey 08033
(856) 795-2121
Attorneys for Defendant

Dated: October 29, 2007

2935249v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN FLYNN,  et al. | |
| Plaintiffs, | CASE NUMBER:  1:07CV00501 |
| v. | JUDGE:  Richard J. Leon |
| MAARV WATERPROOFING, INC., | |
| Defendant. | |

**BRIEF OF DEFENDANT IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A
THIRD PARTY COMPLAINT**

**I.  FACTS**

On or about March 15, 2007, Plaintiffs, who consist of trustees of various union related

pension and health and welfare trust funds (the "Funds"), as well as the International Union of

Bricklayers and Allied Craftworkers (the "International"), filed their complaint in this matter

which was served on Defendant on or about April 14, 2007.  Plaintiffs recently filed a First

Amended Complaint on October 18, 2007 that Defendant has answered.  The essence of

Plaintiffs' claim is that Defendant owes the Funds delinquent contributions pursuant to collective

bargaining agreements that the Funds claim that Defendant executed.  Defendant denies

executing any collective bargaining agreements and claims that the local unions of the

International made misrepresentations to Defendant with respect to these agreements. (See First

Amended Complaint, attached as Exhibit A hereto, and Answer to First Amended Complaint,

attached as Exhibit B hereto).

The employees and officials of the local unions have just recently been deposed on

October 22 and 23, 2007. It is Defendant contention that the testimony of these officials does

establish that the local unions made misrepresentations to Defendants with respect to agreements

Plaintiffs claim Defendant executed. Indeed, Defendant claims that the local unions have a

systemic pattern and practice of deception and misrepresentations designed to obtain signatures

of employers to vague one page "signature pages" in an illegal effort to bind employers to

collective bargaining agreements. The local unions involved are Local Union Nos. 4, 5, and 2 of

the International Union of Bricklayers and Allied Craftworkers which apparently are also part of

another organization known as the Administrative District Council of New Jersey( collectively,

"Local Unions"). Based on the misrepresentations made by the Local Unions with respect to the

agreements that are issue in this case, Defendant seeks to file a Third Party Complaint against the

Local Unions, a draft of which is attached hereto as Exhibit C.

## II.    STATEMENT OF POINTS AND AUTHORITIES

Following the passage of ten days from service of its original answer, a defendant may move for leave to file a third party complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. <u>See</u> Fed. R.Civ.P. 14(a). Rule 14(a) is designed to avoid duplication of suits on closely related matters. <u>See</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1443 (2d ed. 1990). Among the factors a court will consider in deciding whether to grant leave to file a third party complaint are such "circuity of actions"; judicial economy; hardship on the parties; and length of delay in seeking to add another party. <u>See</u> <u>Laffey v. Northwest Airlines, Inc.</u>, 567 F.2d 429, 477 (D.C.Cir. 1976), <u>cert denied</u>, 434 U.S. 1086 (1978). As at least one commentator has noted, "if the claim is a proper third- party action and will not prejudice the other parties to the litigation, there is no reason to deny an application under Rule 14(a)." Wright & Miller, § 1443 at 303.

Here, it is proper to permit Defendant to file a third party complaint against the Local Unions to avoid circuity of actions. The Local Unions are part of the International Union in this matter and the Local Unions are also the basis of the majority of Defendant's defenses to the claims filed by the Plaintiffs. Having them as a party to these action would also promote judicial economy by avoiding piecemeal litigation through litigation against them in another forum which will necessarily involve the same issues as those in this matter. There will also be no prejudice or hardship to the other parties in this matter since the Local Unions are part of the International Union which is already a plaintiff in this matter. Moreover, the Local Unions are already significantly involved in this matter and their employees and officials have just been recently deposed. Defendant also does not anticipate any delay through the addition of the Local Unions since Defendant has already deposed several of their employees and officials. There has also not been any delay in naming the Local Unions as parties to this case since the original

complaint was only served on Defendant approximately six months ago (which was just amended), and the employees and officials of the Local Unions were deposed just a week ago. Accordingly, it is more than proper to permit Defendant leave to file a third party complaint against the Local Unions.

## III.    <u>CONCLUSION</u>

Based on the above, Defendant's motion for leave to file a third party complaint should be granted.

Respectfully submitted,

ARCHER & GREINER

BY:   __/s/ Alexander Nemiroff__
      ALEXANDER NEMIROFF
      Bar No. 454408
      PETER L. FRATTARELLI
      DOUGLAS DIAZ
      One Centennial Square
      Haddonfield, New Jersey 08033
      (856) 795-2121
      Attorneys for Defendant

Dated: October 29, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Alexander Nemiroff, hereby certify that on this 29th day of October 29, 2007, I caused

the foregoing to be electronically filed with the Court and, therefore, the aforementioned

document is available for viewing and downloading from the Electronic Case Filing System.

s/ Alexander Nemiroff
ALEXANDER NEMIROFF

2914082v1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, )
KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, )
EUGENE GEORGE, PAUL SONGER, WILLIAM )
MCCONNELL, MATTHEW AQUILINE, GREGORY R. )
HESS, MICHAEL SCHMERBECK, VINCENT )
DELAZZERO, and BENJAMIN CAPP, )
as Trustees of, and on behalf of, the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
    620 F Street, N.W. )
    Washington, DC 20004 )
    (202) 783-3788, )
     )
JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES )
BOLAND, TED CHAMP, RAYMOND CHAPMAN, )
VINCENT DELAZZERO, BRUCE DEXTER, JOHN )
FLYNN, EUGENE GEORGE, GREGORY HESS, FRED )
KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, )
SANTO LANZAFAME, DICK LAUBER, WILLIAM )
MCCONNELL, EDWARD NAVARRO, GERALD )
O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK )
ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL )
SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, )
and FRED VAUTOUR )
as Trustees of, and on behalf of, the )
INTERNATIONAL MASONRY INSTITUTE, )
    620 F Street, N.W. )
    Washington, DC 20004 )
    (202) 783-3788, )
     )
    and )
     )
INTERNATIONAL UNION OF BRICKLAYERS AND )
ALLIED CRAFTWORKERS, )
    620 F Street, N.W. )
    Washington, DC 20004 )
    (202) 783-3788, )
     )
     )
            Plaintiffs,        ) Case: 07-CV-0501 (RJL)

2336488.01

v.                                                    )
                                                      )
MAARV WATERPROOFING, INC.,                            )
    68 Colfax Drive                                   )
    Clifton, NJ 07013                                 )
                                                      )
                Defendant.                            )
                                                      )
_____              )

## FIRST AMENDED COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the

Defendant, allege as follows:

## CAUSE OF ACTION
### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades

International Pension Fund ("IPF" or "Fund") and the fiduciaries of the International Masonry

Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and

IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), and by the International Union of Bricklayers and Allied Craftworkers ("BAC") to

enforce the provisions of the Labor Management Relations Act ("LMRA"). This action arises

under the laws of the United States, specifically Section 502(a)(3), 502(g)(2), and 515 of ERISA,

29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore

conferred on this Court as to the claims brought on behalf of the IPF and IMI. As to the claims

brought on behalf of the BAC, jurisdiction is conferred under Section 301(c) of the LMRA, 29

U.S.C. § 185(c).

2.  The IPF and IMI are administered in the District of Columbia.  Venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3.  BAC maintains its principle office in the District of Columbia.  Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to Section 301(c)(1) of the LMRA, 29 U.S.C. § 185(c)(1).

### Parties

4.  Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, William McConnell, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Benjamin Capp, are Trustees of, and sue on behalf of, the IPF.  The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The IPF trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5.  The IPF is also authorized to effect collections on behalf of the IMI and BAC, pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6.  Plaintiffs, Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber,

2335488.01

William McConnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza and Fred Vautour, are Trustees of, and sue on behalf of the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI in their respective capacities as fiduciaries.

7. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

8. Defendant, Maarv Waterproofing, Inc. is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New Jersey.

9. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

**Violation Charged**

10. Maarv Waterproofing, Inc. acting through its authorized agents or officers, executed collective bargaining agreements with the Union. Those collective bargaining agreements are annexed hereto as Exhibits A and B and are hereinafter referred to as the "Agreements."

11. Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF, IMI, and BAC on behalf of covered employees of Defendant.

12. Having submitted some contributions and dues checkoff payments, Defendant has demonstrated an awareness of the obligation to make those payments.

4

2336488.01

13.     An examination of Defendant's books and records ("audit") performed by the independent accounting firm of Calibre CPA Group PLLC covering the time period January 2002 through December 2005 revealed that Defendant failed to properly submit required reports, contributions, and dues checkoff payments for work performed during this time period.

14.     The total of contributions due the IPF and IMI by Defendant for work performed during the months of January 2002 through December 2005, as determined by the audit, amounts to $218,425.89.

15.     Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, interest in the amount of $88,721.51 and an additional computation of interest in the amount of $88,721.51, calculated from the Due Date at the rate of 15 percent per annum have been assessed on such delinquent contributions determined due by the audit.

16.     Defendant also owes the BAC delinquent dues checkoff moneys in the amount of $45,671.33 for work performed during January 2002 through December 2005 as determined by the audit.

17.     In addition, Defendant owes the BAC $18,318.51 in interest on delinquent dues checkoff determined due by the audit.

18.     Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions and dues checkoff payments in accordance with the terms and conditions of the Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.   For the total amount of $463,312.10, which is constituted as follows:

2336488.01

a. For unpaid contributions in the amount of $218,425.89 payable to the IPF and IMI for the time period January 2002 through December 2005, plus any and all additional amounts found to be due and owing through the date of judgment (ERISA Section 502(g)(2)(A); Collection Procedures);

b. For interest in the amount of $88,721.51 assessed on such unpaid contributions, calculated at 15 percent per annum from the Due Date (ERISA Section 502(g)(2)(B); Collection Procedures);

c. For an additional computation of interest in the amount of $88,721.51, assessed on such unpaid contributions, calculated at the rate of 15 percent per annum from the Due Date (ERISA Section 502(g)(2)(C)(i); Collection Procedures);

d. For dues checkoff moneys owed to the BAC in the amount of $45,671.33 (29 U.S.C. § 185; Collection Procedures);

e. For interest in the amount of $18,318.51 on such delinquent dues checkoff moneys (29 U.S.C. § 185; Collection Procedures);

f. For the costs of filing this action in the amount of $350.00 (ERISA Section 502(g)(2)(D));

g. For the costs of conducting the audit in the amount of $3,103.35 (ERISA Section 502(g)(2)(D));

2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

3. That Defendant be directed to comply with its obligations to submit all required reports and to make all contributions and dues checkoff payments due and owing to the IPF, IMI, and/or BAC, and to pay the costs and disbursements of this action.

2536488.01

4.  Such other relief as this Court deems appropriate, including judgment for any contributions, dues checkoff payments, and/or interest thereon that may accrue subsequent to the filing of this First Amended Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated:  October 18, 2007

By: _____

Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006
(202) 420-2200

Attorneys for Plaintiffs

7

2336488.01

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al. | |
| Plaintiffs, | CASE NUMBER: 1:07CV00501 |
| v. | JUDGE: Richard J. Leon |
| MAARV WATERPROOFING, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

### ANSWER OF DEFENDANT TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Maarv Waterproofing, Inc., by and through its attorneys, responds to the allegations of Plaintiffs' First Amended Complaint as follows:

### JURISDICTION

1.      Admitted only that this action has been brought by the IPF, the IMI, and the BAC. The remaining allegations set forth in paragraph 1 constitute legal conclusions to which no response is required.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 2 that the IPF and IMI are administered in the District of Columbia. The remaining allegations set forth in paragraph 2 constitute legal conclusions to which no response is required.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 3 that BAC maintains its principle office in the District of Columbia. The remaining allegation set forth in paragraph 3 constitutes legal conclusions to which no response is required.

### PARTIES

4.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 and therefore denies these allegations.

5.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies these allegations.

6.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 and therefore denies these allegations.

7.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 and therefore denies these allegations.

8.    Admitted.

9.    Denied.

### VIOLATION CHARGED

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied. By way of further answer, it is denied that Defendant owes Plaintiffs any delinquent contributions.

16.    Denied.

17.    Denied.

18.    Denied.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the damages requested by Plaintiffs are not recoverable as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitations and/or repose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrines of laches, waiver, estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

3

### SEVENTH AFFIRMATIVE DEFENSE

Any agreements with the Plaintiffs were procured by fraud by Plaintiffs including but not limited to fraud in the execution.

### EIGHTH AFFIRMATIVE DEFENSE

The agreements Plaintiffs claim Defendant executed are *void ab initto*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to show that Defendant executed the agreement attached as Exhibit A to the First Amended Complaint as the "Signature Page" upon which they rely only makes reference to an undefined "bargaining agreement."

### TENTH AFFIRMATIVE DEFENSE

The "Signature Page" attached to Exhibit A to the First Amended Complaint is too vague to constitute a labor agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to show that Defendant executed the agreement attached as Exhibit B to the First Amended Complaint as the signature page upon which they rely is not the signature page that is part of the agreement attached as Exhibit B and references a document different from that provided as Exhibit B.

### TWELFTH AFFIRMATIVE DEFENSE

The contributions to trust funds that Plaintiffs seek are illegal.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice and that Defendant be awarded attorneys' fees and costs of suit.

Respectfully submitted,

ARCHER & GREINER
One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
Attorneys for Defendant

BY:     /s/Alexander Nemiroff
          ALEXANDER NEMIROFF
          Bar No. 454408
          PETER L. FRATTARELLI
          DOUGLAS DIAZ
          Admitted *pro hac vice*

5

## CERTIFICATE OF SERVICE

I, Alexander Nemiroff, hereby certify that on this 25th day of October 2007, I caused the
foregoing Answer of Defendant to Plaintiffs' First Amended Complaint to be electronically filed
with the Court and, therefore, the aforementioned document is available for viewing and
downloading from the Electronic Case Filing System.

/s/ Alexander Nemiroff
ALEXANDER NEMIROFF

2926417v1

6

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JOHN FLYNN, et al.

                Plaintiffs,

v.

MAARV WATERPROOFING, INC.,

                Defendant,

    and

MAARV WATERPROOFING, INC.,

             Defendant/Third Party Plaintiff

v.

LOCAL UNION NOS. 4, 5, AND 2 OF THE
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS and

BRICKLAYERS AND ALLIED
CRAFTWORKERS, ADMINISTRATIVE
DISTRICT COUNCIL OF NEW JERSEY,
LOCAL UNION NOS. 4, 5, AND 2

          Third Party Defendants.

CASE NUMBER: 1:07CV00501

JUDGE: Richard J. Leon

**JURY TRIAL DEMANDED**

---

## THIRD PARTY COMPLAINT OF DEFENDANT/THIRD PARTY PLAINTIFF MAARV WATERPROOFING, INC.

Defendant/Third Party Plaintiff Maarv Waterproofing, Inc. ("Maarv Waterproofing"), by

and through its attorneys, hereby alleges against Third Party Defendants, Local Union Nos. 4, 5,

and 2 of the International Union of Bricklayers, and Allied Craftworkers and the Bricklayers and

Allied Craftworkers, Administrative District Council of New Jersey, Local Union Nos. 4, 5, and 2 (collectively, the "Union" or "Third Party Defendants") as follows:

## JURISDICTION

1.     The Court has supplemental jurisdiction of this matter pursuant to 28 U.S.C. § 1367.

## PARTIES

2.     Maarv Waterproofing is a corporation that performs construction related services.

3.     Third Party Defendants are all local unions of the International Union of Bricklayers and Allied Craftworkers.

4.     In or about February of 2004, Dominick Longo, acting on behalf of the Union, told a subcontractor for Maarv Waterproofing working on a Princeton, New Jersey garage project that work being performed on the project needed to be done by his "Union men" and that he would provide someone from the Union.

5.     Mr. Longo also told the subcontractor for Maarv Waterproofing that a contract or forms needed to be signed for purposes of the Princeton, New Jersey garage project only.

6.     The subcontractor communicated Mr. Longo's statements to Maarv Waterproofing.

7.     Also in or about February of 2004, Mr. Longo spoke to a secretary for Maarv Waterproofing and told her that he was sending a contract that needed to be signed for the Princeton, New Jersey garage project. Mr. Longo did not mention any other projects and never told the secretary that the contract he claimed he would send her was for anything else other than the Princeton, New Jersey garage project.

8.     Mr. Longo only sent Maarv Waterproofing a one page document in fine print that referenced a "Collective Bargaining Agreement between the Building Contractors Association of

2

New Jersey and the Masonry Contractors Association of New Jersey dated November 1, 2002,

and Bricklayers and Allied Craftworkers Locals No. 4, No. 5 of New Jersey and Local No. 2 of

Delaware-New Jersey", hereinafter "CBA", and three pages relating to "employer

contributions."

      9.    Mr. Longo never provided Maarv Waterproofing with a copy of the CBA or any

other contract. This is in accordance with the Union's practice and/or custom of not providing

employers with the actual collective bargaining agreement and of potentially doing so only if it

receives a specific request for a copy of the collective bargaining agreement.

      10.    Mr. Longo also never told Maarv Waterproofing or its subcontractor that the CBA

applied to all work done by Maarv Waterproofing within the Union's territory and not just to the

Princeton, New Jersey garage project which was the only project mentioned by Mr. Longo to

Maarv Waterproofing and its subcontractor.

      11.    Mr. Longo's actions were committed on behalf of the Union and also were done

within the scope of his employment.

      12.    On or about September 7, 2006, the Bricklayers and Trowel Trades International

Pension Fund ("IPF"), of which the Union is affiliated with, sent a letter to Maarv Waterproofing

in which it contended that Maarv Waterproofing owed the IPF a total of $462,962.10 related to

delinquent employer contributions it claims Maarv Waterproofing was contractually obligated to

submit to the IPF.

## COUNT ONE--FRAUDULENT MISREPRESENTATION

      13.    Paragraphs 1 through 12 are incorporated herein as if set forth in full.

      14.    Mr. Longo, acting on behalf of the Union, made a material misrepresentation of

fact to Maarv Waterproofing by stating that the contract he was providing to it was for purposes

of the Princeton, New Jersey parking garage project only and/or by omitting to tell Maarv Waterproofing that the contract applied to all work performed by Maarv Waterproofing within the Union's territory and not just the Princeton, New Jersey parking garage project.

15.    Mr. Longo knew that his representations to Maarv Waterproofing were false and that the contract he was seeking to bind Maarv Waterproofing to applied to more than just the Princeton, New Jersey parking garage project.

16.    Mr. Longo intended that Maarv Waterproofing rely on his misrepresentations regarding the contract.

17.    Maarv Waterproofing did reasonably rely on Mr. Longo's misrepresentations regarding the contract.

18.    Maarv Waterproofing has suffered resulting damages due to the misrepresentations in excess of $462,000.

**WHEREFORE**, Maarv Waterproofing demands judgment in its favor and against the Union, for damages, together with punitive damages, attorneys' fees, costs and such other damages as may properly be awarded by the Court.

### COUNT TWO-NEGLIGENT MISREPRESENTATION

19.    Paragraphs 1 through 18 are incorporated herein as if set forth in full.

20.    Mr. Longo made inaccurate statements of fact and omissions of fact to Maarv Waterproofing regarding the contract to which he was seeking to bind Maarv Waterproofing.

21.    Mr. Longo knew or should have known that the inaccurate statements were false at the time he made them.

22.    Maarv Waterproofing justifiably relied on Mr. Longo's inaccurate statements and omissions.

4

23.     Maarv Waterproofing has been damaged as a result of Mr. Longo's inaccurate statements and omissions.

**WHEREFORE**, Maarv Waterproofing demands judgment in its favor and against the Union, for damages, together with punitive damages, attorneys' fees, costs and such other damages as may properly be awarded by the Court.

## COUNT THREE--BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24.     Paragraphs 1 through 23 are incorporated herein as if set forth in full.

25.     By telling Maarv Waterproofing that the contract he was seeking to bind it to was only for the Princeton, New Jersey parking garage project and by failing to tell Maarv Waterproofing that the contract applied to other work as well, the Union has breached the covenant of good faith and fair dealing inherent in contracts.

**WHEREFORE**, Maarv Waterproofing demands judgment in its favor and against the Union, for damages, together with punitive damages, attorneys' fees, costs and such other damages as may properly be awarded by the Court.

## COUNT FOUR--CONTRIBUTION/INDEMNITY

26.     Paragraphs 1 through 25 are incorporated herein as if set forth in full.

27.     While denying the allegations made against it in this matter as a defendant, if judgment is rendered against Maarv Waterproofing in the complaint against it by the fiduciaries of the IPF and the fiduciaries of the International Masonry Institute and the International Union of Bricklayers and Allied Craftworkers (collectively, "Plaintiffs"), then Maarv Waterproofing hereby asserts that any damages sustained by Plaintiffs and/or any liability Maarv Waterproofing may have to Plaintiffs is a result of the Union's misrepresentations and/or omissions described above.

5

WHEREFORE, Maarv Waterproofing demands judgment in its favor and against the Union, in the form of awarding Maarv Waterproofing common law and/or other contribution or indemnity from the Union for any and all damages assessed against Maarv Waterproofing including, but not limited to, compensatory damages, attorneys fees and costs, and such other damages as may be assessed against Maarv Waterproofing.

Respectfully submitted,

ARCHER & GREINER

BY:     /s/ Alexander Nemiroff
        ALEXANDER NEMIROFF
        Bar No. 454408
        PETER L. FRATTARELLI
        DOUGLAS DIAZ
        One Centennial Square
        Haddonfield, New Jersey 08033
        (856) 795-2121
        Attorneys for Defendant/Third Party
        Plantiff

2924363v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN FLYNN,  et al. | |
| Plaintiffs, | CASE NUMBER:  1:07CV00501 |
| v. | JUDGE:  Richard J. Leon |
| MAARV WATERPROOFING, INC., | |
| Defendant. | |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant's Motion for Leave to File a Third Party Complaint, and any opposition thereto, it is hereby ORDERED that said motion is GRANTED.

So Ordered:

_____

, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN FLYNN, et al. | |
| Plaintiffs, | CASE NUMBER: 1:07CV00501 |
| v. | JUDGE: Richard J. Leon |
| MAARV WATERPROOFING, INC., | |
| Defendant. | |

**LOCAL RULE 7(K) STATEMENT**

Pursuant to Local Rule 7(k), the following person are entitled to be served with orders, judgments, and stipulations:

Ira R. Mitzner, Esquire
DickStein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403

2935251v1